IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RYAN PARKS,

   Plaintiff,

v.

UNITED STATES OF AMERICA,

   Defendant.

Civil Action No.: TEJ-24-2050

Related Criminal Case: TEJ-18-317

## MEMORANDUM OPINION AND ORDER

By Order entered in this case on July 24, 2024, this matter is referred to the Honorable Dwane L. Tinsley, United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 3.) For reasons appearing to the Court, it is hereby **ORDERED** that the referral of the pending motions to the Magistrate Judge are **WITHDRAWN,** and the undersigned will proceed to rule thereon.

Pending before the Court is Plaintiff Ryan Parks' ("Plaintiff") Complaint/Motion for Return of Property seeking the return of Plaintiff's "Black iPhone 8" cellular phone which was confiscated during his arrest and which Plaintiff claims contains "contact information, i.e. phone numbers and personal photos of self, friends, and family." (ECF No. 1 at 1). The complaint/motion document further asserts that the information on this cellular phone was "barred from [] use" through a pre-trial motion in his criminal proceedings and that, at the very least, he requests that the Court "order the data requested extracted and sent to [Plaintiff's] mother's house[.]" (*Id.*)

Under Rule 41(g) of the Federal Rules of Civil Procedure, "[a] person aggrieved by an unlawful seizure of property or by the deprivation of property may move for the property's return." Fed. R. Civ. P. 41(g). Where no criminal proceedings are pending, a motion for return of property is a civil action against the United States. *United States v. Garcia,* 65 F.3d 17, 19 n. 2 (4th Cir.

1995); *see also United States v. Gomez,* 382 F. App'x 344, 345 (4th Cir. 2010).  Thus, Rule 41 may be utilized "to commence a civil equitable proceeding to recover seized property that the government has retained after the end of a criminal case." *Young v. United States*, 489 F.3d 313, 315 (7th Cir. 2007).  "During the pendency of a criminal prosecution, the movant bears the burden of demonstrating his entitlement to the return of the subject property; however, because a person from whom property was seized is presumed to have a right to its return, at the conclusion of the criminal proceedings, the burden shifts to the government to demonstrate a legitimate reason for retaining the property." *United States v. Roca*, 676 F. App'x 194 (4th Cir. 2017) (citing *United States v. Chambers*, 192 F.3d 374, 376 (3d Cir. 1999)).  "The general rule is that seized property should be returned to the rightful owner after criminal proceedings have terminated, 'unless it is contraband or subject to forfeiture.'"  *Id.*

As ordered by the Court, on December 18, 2024, the United States of America ("Defendant") filed a response to Plaintiff's complaint/motion indicating that "the government had successfully located and identified a Black iPhone 8 in the custody of the FBI that was previously seized from the Plaintiff at the time of his arrest."  (ECF No. 7 at 2).  The response further states:

> The FBI has confirmed that the agency was unable to search the seized Black iPhone 8 and, as such, the FBI has not determined that the phone contains any contraband or evidence relevant to the crimes of conviction.  In addition, the Plaintiff's phone was not forfeited.  Because the Black iPhone 8 has not been determined to contain any contraband or evidence relevant to the Plaintiff's crimes of conviction and he has not forfeited that phone, <u>the government consents to the Plaintiff's request for return of the Black iPhone 8 to an identified third-party custodian for the Plaintiff</u>.  The Plaintiff has thus far provided an address belonging to his mother, but he has not provided a specific name for which the government can fulfill the Plaintiff's request to return the property.  Upon receipt of that information, the government will promptly return the Plaintiff's Black iPhone 8, which will in turn effectively moot the Plaintiff's Motion for Return of Property.

(*Id.*) (Emphasis added).  Consequently, Plaintiff's complaint/motion appears to be unopposed, and Defendant consents to the return of the property to a third-party custodian for Plaintiff but needed

Plaintiff to provide the name thereof. The Clerk's Office subsequently received and docketed correspondence from Plaintiff indicating that the property should be returned to his mother, Laverne Hicks, whose address is 6659 Spring Mill Circle, Gwynn Oak, MD 21207. (ECF No. 10).

Accordingly, Plaintiff's unopposed Complaint/Motion for Return of Property (ECF No. 1) is **GRANTED**.[1] It is hereby **ORDERED** that, if not already done so, Defendant shall arrange for delivery of Plaintiff's Black iPhone 8 to Plaintiff's mother, Laverne Hicks, at the address provided above and shall file a written confirmation of the same on the docket herein. It is further **ORDERED** that Plaintiff's pending Motion for Leave to Proceed *in forma pauperis* (ECF No. 5) is **DENIED AS MOOT**.

The Clerk is directed to docket this Memorandum Opinion and Order, to mail a copy to Plaintiff, and to transmit a copy to counsel of record.

ENTER: March 31, 2025

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE

---

[1] As Defendant has not documented the return of the property at the present time, the Court does not believe that the motion may be denied as moot.